IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conrad E. Salcido,<br><br>         Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>         Respondents. | No. CV-12-1395-PHX-SLG (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SHARON L. GLEASON, U.S. DISTRICT JUDGE:

      Conrad Salcido filed a Petition for Writ of Habeas Corpus on June 28, 2012. In 1991, he pleaded guilty pursuant to a plea agreement to two counts of Attempted Molestation of a Child and one count of Attempted Sexual Conduct With a Minor, involving two of his grandchildren and his goddaughter, and he was placed on lifetime probation. In 2006, the State filed a petition to revoke his probation, and following an evidentiary hearing, the trial court revoked his probation, and sentenced him to a mitigated nine-year prison term. In his federal petition, he maintains that he is entitled to early release because he has served fifty percent of his sentence. Respondents contend that his petition is untimely and that he is not entitled to statutory or equitable tolling. In the alternative, Respondents argue that Salcido's claim is unexhausted and procedurally defaulted. The Court agrees that the petition is untimely filed, and that Salcido is not entitled to statutory or equitable tolling. The Court recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

On August 22, 2006, Salcido filed a Notice of Appeal (Doc. 12, Exh M). Following the completion of briefing, on May 9, 2007, the court of appeals affirmed the trial court's revocation of Salcido's probation (*Id.*, Exh P). Salcido did not seek review in the Arizona Supreme Court. Almost two years later, on March 3, 2009, Salcido filed a Petition for Post-Conviction Relief, seeking a reduction in his prison term based upon a significant change in the law, citing *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (App. 2007) (*Id.*, Exh Q). On June 29, 2009, the trial court denied Salcido's request for post-conviction relief, finding that *State v. Gonzalez* did not provide grounds for relief, and that in any event, his claim was waived by not raising it on appeal (*Id.*, Exh R).

On July 1, 2009, Salcido filed a second Petition for Post-Conviction Relief, arguing that he was sentenced illegally in 1992, citing *State v. Peek*, 219 Ariz. 182, 195 Ariz. 641 (2008). On November 12, 2009, the trial court again denied Salcido's petition, finding the issue waived or precluded, and that *State v. Peek* did not provide grounds for relief (*Id.*, Exh S, T).

On September 23, 2011, Salcido filed a third Notice of Post-Conviction Relief, arguing that he should be released because he had served 50 percent of his sentence (*Id.*, Exh U). On June 11, 2012, the trial court denied Salcido's request for post-conviction relief, acknowledging that Salcido was correct in stating that he was eligible for release, that eligibility for release is separate from being granted release, that such a decision was one for the Arizona Department of Corrections to determine, not the trial court, and that if it was in the trial court's discretion, it would oppose such release (*Id.*, Exh V). Salcido filed his federal petition on June 28, 2012 (Doc. 1).

**DISCUSSION**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For a state prisoner who does not seek review in a state's highest court, the

1  judgment becomes final on the date that the time for seeking such review expires. *Gonzalez*
2  *v. Thaler*, 132 S.Ct. 641, 653-54 (2012). The period of limitations is statutorily tolled during
3  the time in which a "properly filed application for State post-conviction or other collateral
4  review with respect to the pertinent judgment or claim is pending" in the State courts. 28
5  U.S.C. § 2244(d)(2). However, the time between a first and second application for post-
6  conviction relief is not tolled because no application is "pending" during that period. *See*
7  *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Moreover, filing a new petition for
8  post-conviction relief does not revive a limitations period that expired before the new petition
9  was filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

10  Salcido's conviction became final on June 9, 2007, thirty days after the date of the
11  court of appeals decision, when the time for seeking review in the Arizona Supreme Court
12  expired. *See Summers v. Schriro*, 481 F.3d 710, 712-17 (9th Cir. 2007). Salcido was required
13  to file his federal petition on or before June 10, 2008. Absent any statutory or equitable
14  tolling, his federal petition, filed four years after the expiration of the one-year period of
15  limitations, is untimely filed.

16  The Court has determined that he is not entitled to any statutory tolling for the time
17  period between June, 2007, when his conviction became final, and March, 2009, when
18  Salcido filed his Rule 32 petition, because no application was "pending" during those twenty-
19  one months. *Biggs*, 339 F.3d at 1048. Post-conviction review is not "pending" until a *notice*
20  of post-conviction relief is filed. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054,
21  1056 (9th Cir. 2004). Although Salcido's 2009 Rule 32 petition was not ruled untimely by
22  the trial court, it was still filed more than three years *after* the expiration of the one-year
23  period of limitations, and therefore, could not revive it. *Ferguson v. Palmateer*, 321 F.3d at
24  823. For the same reason, the two subsequent petitions also did not revive the limitations
25  period. *Id*.

26  Salcido is entitled to equitable tolling only if he establishes that he has been pursuing
27  his rights diligently and some extraordinary circumstances prevented him from filing a timely
28  petition. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Salcido filed nothing in state

1 court for almost two years, and has not indicated why he chose to wait that length of time to
2 file his Rule 32 petition. He is not entitled to equitable tolling.

3      **IT IS THEREFORE RECOMMENDED** that Conrad Salcido's Petition for Writ of
4 Habeas Corpus be denied and dismissed with prejudice (Doc. 1).

5      **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
6 to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is
7 justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

8      This recommendation is not an order that is immediately appealable to the Ninth
9 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
10 Appellate Procedure, should not be filed until entry of the district court's judgment. The
11 parties shall have fourteen days from the date of service of a copy of this recommendation
12 within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1);
13 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
14 days within which to file a response to the objections. Failure timely to file objections to the
15 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
16 and Recommendation by the district court without further review. *See United States v.*
17 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
18 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
19 to appellate review of the findings of fact in an order or judgment entered pursuant to the
20 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

21      DATED this 10th day of October, 2013.

David K. Duncan
United States Magistrate Judge