IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Conrad E. Salcido,

                Petitioner,

    vs.

Charles Ryan, et al.,

                Respondents.

Case No. CV-12-1395-PHX-SLG (DKD)

## ORDER RE PETITION FOR HABEAS CORPUS

Before the Court is the Petition for Writ of Habeas Corpus ("the Petition") filed by Petitioner Conrad E. Salcido, pursuant to 28 U.S.C. § 2254.[1] Respondents filed a response (the "Limited Answer"), and Salcido replied.[2] On October 10, 2013, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and dismissed with prejudice and that a certificate of appealability be denied.[3] Salcido timely filed objections to the R&R.[4] For

---

[1] Docket 1 (Pet.).

[2] Docket 12 (Limited Answer); Docket 13 (Reply).

[3] Docket 17 (R&R).

[4] Docket 18 (R&R Objections).

the following reasons, the Court will adopt the Magistrate Judge's R&R, dismiss the Petition with prejudice, and deny a certificate of appealability.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Salcido pled guilty to multiple counts of attempted child molestation and attempted sexual conduct with a minor.[5]  After Salcido's incarceration and subsequent release, in February 2006, the State filed a petition to revoke Salcido's probation.[6]  The court held an evidentiary hearing, revoked Salcido's probation, and sentenced him to nine years of imprisonment.  The final order provided that Salcido would "not be eligible for release on any basis until serving one-half (1/2) of the sentence imposed by the Court."[7]  On August 22, 2006, Salcido appealed the finding that he had violated his probation to the Arizona Court of Appeals; it affirmed on May 9, 2007.[8]  Salcido did not appeal to the Arizona Supreme Court.

Salcido filed three petitions for post-conviction relief ("PCR") in the Arizona Superior Court in Gila County.  In March 2009, he filed his first petition, which was

---

[5] Docket 12-1 at 16 (Plea Agreement); Docket 12-1 at 23 (Plea Agreement/Change of Plea).

[6] Docket 12-1 at 33 (Pet. to Revoke Probation).

[7] Docket 12-1 at 122 (8/22/06 Order, Minute Entry) (correcting 8/21/06 minutes to state Salcido is eligible for release after serving one-half, rather than 85% of the sentence imposed).  *See also* Docket 12-1 at 91-92 (6/27/06 Evid. Hr'g, Minute Entry); Docket 12-1 at 118 (8/21/06 Sentence of Imprisonment, Minute Entry).  While the Court dismisses the Petition on procedural grounds, it bears noting that the language concerning release is discretionary – i.e. Salcido only becomes *eligible* for release after serving 50% of his sentence; he is not *entitled* to release at that time.  *See* Docket 12-1 at 94, 114 (8/21/06 Sentencing Hr'g Tr.).

[8] Docket 12-1 at 131 (8/22/06 Notice of Appeal); Docket 12-1 at 166 (2 CA-CR 2006-0306 Docket) (reflecting appellate filings and that decision was affirmed).  The R&R refers to the Arizona Court of Appeals' June 9, 2007 affirmation of the decision that Salcido had violated his probation as a "conviction."  Docket 17 at 3.  More precisely, it was an affirmation of the finding of a probation violation and probation revocation.  *See* Docket 12-1 at 118 (8/21/06 Sentence of Imprisonment, Minute Entry).

denied in June 2009.[9]  In July 2009, he filed his second petition, which was denied in November 2009.[10]  Nearly two years later, in September 2011, he filed his third petition, asserting that he should be released because he had served one-half of his sentence.[11]  The petition was denied in June 2012; the order noted that although Salcido was eligible for release because he had served one-half of the sentence imposed, whether he should be released was a decision for the Arizona Department of Corrections.[12]

Salcido filed this Petition on June 28, 2012, requesting that he be released from incarceration because he has served one-half of the sentence imposed.[13]  Respondents filed a Limited Answer to the Petition, asserting that the Petition is barred by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations for habeas claims, and that neither statutory nor equitable tolling serve to make the Petition timely.[14]  On November 20, 2012, Salcido filed a reply to the limited answer, asserting that AEDPA's one year statute of limitations cannot apply retroactively to Salcido, as Salcido was convicted prior to the 1996 passage of AEDPA.[15]  On April 9, 2013, Salcido

---

[9] Docket 12-1 at 170 (3/3/09 Pet. for PCR); Docket 12-1 at 183 (6/29/09 Ruling on Pet. for PCR).

[10] Docket 12-1 at 186 (7/1/09 Notice of PCR); Docket 12-1 at 195 (11/12/09 Order Den. Pet.).

[11] Docket 12-1 at 197 (9/23/11 Notice of PCR).

[12] Docket 12-1 at 202 (6/11/12 Order Den. PCR, Minute Entry).

[13] Docket 1 (Pet.).

[14] Docket 12 (Limited Answer).

[15] Docket 13 at 2-3 (Reply).

filed a motion for default judgment, which appears to assert that Respondents failed to timely or adequately respond to the Petition.[16] That motion was denied.[17]

On October 10, 2013, the Magistrate Judge issued an R&R, recommending that the Petition be dismissed with prejudice and that a certificate of appealability be denied.[18] Specifically, the Magistrate Judge concluded that the Petition was untimely under AEDPA's one-year statute of limitations.[19] Salcido filed objections to the R&R, but the objections fail to address the timeliness ground upon which the Magistrate Judge made his recommendation. Instead, the objections repeat Salcido's assertions that he was entitled to a default judgment and that he is entitled to be released because he has served one-half of his sentence.[20]

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[21] A court must

---

[16]   Docket 14 (Mot. to File a Default).

[17]   Docket 15 (Order).

[18]   Docket 17 (R&R).

[19]   The R&R does not address Salcido's assertion that AEDPA cannot apply retroactively. *See* Docket 13 at 2-3 (Reply) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). But the law is clear that this argument must fail. *Lindh* held that AEDPA's one year statute of limitations did not apply to noncapital cases with petitions pending at the time of AEDPA's passage. And "the Courts of Appeals have uniformly created a 1-year grace period, running from the date of AEDPA's enactment, for prisoners whose state convictions became final prior to AEDPA." *Duncan v. Walker*, 533 U.S. 167, 184 (2001). These exceptions do not help Salcido, who filed his Petition nearly a decade after AEDPA's passage.

[20]   Docket 18 (R&R Objections).

[21]   28 U.S.C. § 636(b)(1)(C).

only "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[22]

## DISCUSSION

In his objections, Salcido asserts that Respondents defaulted in these proceedings by failing to timely respond to his Petition, and that he should be released from prison because he has served one-half of his sentence.[23] Salcido does not question the factual findings of the R&R, nor does he question the legal analysis upon which the Magistrate Judge ultimately recommended dismissal of the Petition—that is, the Petition was untimely. Accordingly, Salcido's objections do not require de novo review.[24] Nevertheless, this Court has independently reviewed the record. This Court agrees with the R&R's statute of limitations analysis—Salcido's Petition is untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation filed October 10, 2013 is **ADOPTED**, and the Petition for Habeas Corpus is **DISMISSED WITH PREJUDICE.**

2. The Clerk of Court shall enter a final judgment accordingly.

---

[22] *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

[23] Docket 18 at 3 (R&R Objections). Salcido states this is a due process claim, but provides no explanation.

[24] *See* 28 U.S.C. § 636(b)(1)(C); *see also Harden v. Ryan*, No. 11-cv-694-TUC-RCC, 2013 U.S. Dist. LEXIS 64925, at *3-4 (D. Ariz. May 6, 2013) ("[T]he Court will deem Petitioner's objections, which are mere recitations of earlier arguments, ineffective.").

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued by this Court.[25]  This Court finds that Salcido has not made the requisite "substantial showing of the denial of a constitutional right" specified in 28 U.S.C. §2253(c)(2).  Any request for a certificate of appealability must be addressed to the Ninth Circuit.[26]

DATED at Anchorage, Alaska this 6th day of January, 2014.

*/s/ Sharon L. Gleason*
United States District Judge

---

[25] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)).

[26] Fed. R. App. P. 22(b).